

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-23-2007

# USA v. Shall

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2710

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Shall" (2007). *2007 Decisions.* Paper 1233.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1233

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————

No. 06-2710

————

UNITED STATES OF AMERICA,

v.

JESSICA M. SHALL,

Appellant

————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 04-cr-00016J)
District Judge: Hon. Kim R. Gibson

————

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 12, 2007

BEFORE: SMITH and COWEN, Circuit Judges
and YOHN*, District Judge

(Filed: April 23, 2007)

————

OPINION

————

*Honorable William H. Yohn Jr., Senior United States District Judge for the Eastern
District of Pennsylvania, sitting by designation.

COWEN, Circuit Judge.

Jessica M. Shall appeals from a judgment of conviction and sentence entered by the United States District Court for the Western District of Pennsylvania, following her plea of guilty to three charges of making a false statement to a federally licensed firearms dealer, in violation of 18 U.S.C. § 922(a)(6). Shall challenges the District Court's denial of a downward adjustment for mitigating role pursuant to U.S.S.G. § 3B1.2. For the reasons stated below, we will affirm.

I.

Because we write only for the parties, we recite only those facts necessary to our disposition. On four separate occasions between April 15, 2003 and August 25, 2003, Shall purchased four to six firearms from a licensed firearms dealer in Altoona, Pennsylvania. In addition, on April 21, 2003, Shall purchased two more firearms from licensed firearms dealers, one from a dealer in Duncansville, Pennsylvania, and the other from a dealer in Hollidaysburg, Pennsylvania. For each transaction, Shall completed Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") form 4473, representing that she was the actual purchaser of the firearms.

During interviews with ATF agents conducted on August 26, 2003, and September 4, 2003, Shall admitted that she was a "straw-purchaser" of twenty-three firearms from three federally licensed dealers. Shall told the agents that she made the purchases for, and delivered firearms to, two individuals in Jersey City, in exchange for $250 to $300 for

each gun.  She admitted to the agents that she knew that purchasing the guns under those circumstances was against the law.  In a subsequent statement to ATF agents, Shall continued to admit that she was a straw-purchaser of the firearms, but claimed that her boyfriend, Eric Sager, concocted the entire scheme.  She claimed that Sager arranged and negotiated the sales; instructed her on where to buy the guns, what type of guns to buy, and how many to buy; furnished her with money to buy the guns; transported the guns to a New Jersey buyer; and then kept the proceeds.

At court proceedings on June 2, 2004, Shall waived her right to an indictment by grand jury and pled guilty to the three charges of making a false statement to a federally licensed firearms dealer, in violation of 18 U.S.C. § 922(a)(6).  As part of a proffer of proof, the government indicated that the evidence would show that Shall knew that her statements on the ATF forms were false, in that she purchased the firearms on behalf of other persons.  Shall agreed that the information proffered by the government was true to the best of her knowledge.

Prior to sentencing, Shall filed a request for a downward adjustment for mitigating role pursuant to U.S.S.G. § 3B1.2.  She sought a four-level adjustment for her role as a minimal participant, or, alternatively, either a two-level adjustment as a minor participant or a three-level adjustment for her role falling between minimal participant and minor participant.  At sentencing, Shall argued that she was entitled to a downward adjustment

for mitigating role because her participation was limited to showing her identification to the firearms dealers and taking possession of the firearms.

Based upon the information presented at the sentencing hearing, the District Court found that Shall was not the sole participant in the firearms offense, but denied her an adjustment under U.S.S.G. § 3B1.2 for a mitigating role, reasoning:

> Ms. Shall, I believe that you are sorry for what you did, but the fact remains that your actions resulted in 23 firearms placed into the stream of commerce, and which could have been used in serious offenses and crimes. This type of conduct can't be tolerated. I do not find that your role in this offense is a minor role. Only you know why you did it, and if others were significantly involved then certainly their conduct is not to be condoned either, but neither is yours.

(App. at 59.) The District Court sentenced Shall to a term of imprisonment of twelve months and one day for each of the three counts, to be served concurrently, and three years of supervised release for each count, also to be served concurrently.

## II.

We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We employ a mixed standard of review when considering whether a defendant is entitled to a downward adjustment as a minor participant. *United States v. Isaza-Zapata*, 148 F.3d 236, 237 (3d Cir. 1998). When the District Court's denial of a downward departure is based primarily on a legal interpretation of the Sentencing Guidelines, our review is plenary. *Id.* If the District Court's denial was based on factual determinations, we review for clear error. *Id.* Because we conclude based upon the record that the District Court's denial of Shall's

motion for downward adjustment rested upon factual determinations, we will review for clear error.[1]

Shall's sole contention on appeal is that the District Court did not conduct a proper analysis in denying her a downward adjustment. She faults the District Court for failing to conduct an analysis of the factors set forth in *United States v. Headley*, 923 F.2d 1079, 1084 (3d Cir. 1991), and for failing to make express findings of fact concerning her culpability relative to the culpability of the other participants.

In *Headley*, we delineated a set of factors for the district court to consider in determining whether a defendant should be considered a minor participant in an offense: "[T]he culpability of a defendant courier must depend necessarily on such factors as the nature of the defendant's relationship to other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise." *Id*. (quoting *United States v. Garcia*, 920 F.2d 153, 155 (2d Cir. 1990)). The district court need not, however, explicitly weigh the factors set forth in *Headley*, although the record should support its decision. *See United States v. Carr*, 25 F.3d 1194, 1208 (3d Cir. 1994) (affirming sentence even though "the district court did not specifically follow the course set out in *Headley*" because "the record

---

[1] Contrary to Shall's contention otherwise, this case is distinguishable from *Isaza-Zapata*, 148 F.3d at 238, and *United States v. Rodriguez*, 342 F.3d 296, 297-98 (3d Cir. 2003), because in both of those cases we were unable to determine the basis of the district court's ruling and the standard of review to apply.

5

amply support[ed] the district court's conclusion that [the defendant] was not a minor participant").

Although the District Court did not expressly consider the *Headley* factors in this case, we conclude that the record supports its denial of a downward adjustment based upon an application of those factors. First, Shall had a personal relationship with Sager and knew the identities of the two New Jersey firearms buyers. As the government indicated at the sentencing hearing, Shall was able to provide ATF agents with detailed information about the firearms buyers, including a physical description of them, their location, and a description of their vehicles. In addition, on at least three occasions, Shall accompanied Sager to New Jersey to deliver the firearms to the buyers. Second, Shall's actions were critical to the success of the firearms venture. She was the sole purchaser of the twenty-three firearms, and for each transaction, signed the ATF form representing that she was the actual purchaser of the firearms. Third, and finally, Shall was aware that she was purchasing firearms on behalf of others in exchange for money and that her conduct was unlawful. Based upon these circumstances, we cannot conclude that the District Court clearly erred in denying Shall's motion for a downward departure. *See Carr*, 25 F.3d at 1208.

For the foregoing reasons, the judgment of the District Court entered on May 12, 2006 will be affirmed.